IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
FEB - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GEORGE M. CLARKE, III

    Plaintiff

v.

INTERNAL REVENUE SERVICE
1111 Constitution Ave., N.W.
Washington, D.C.  20224

    Defendant.

No. 1:06-cv-02030-EGS

## ANSWER

The Internal Revenue Service ("Service") answers the complaint in this matter as follows.

In response to the allegations in the particular paragraphs of the complaint, the Service admits, denies, and alleges:

1. Admitted.

2. Admitted, except to deny jurisidiction under 28 U.S.C. §1331.

3. Admitted.

4. The allegations of the first sentence of paragraph 4 of the complaint are admitted. With respect to the allegations of the second sentence of that paragraph, the Service admits that it is a federal agency, has searched for the requested records within its "possession and control", but has not discovered any responsive records. The Service admits that is "responsible for fulfilling Plaintiff's FOIA request" only insofar as the Service has responsive records, the records are not exempt from disclosure under FOIA, 5 U.S.C. §552(b), or are otherwise not protected from disclosure under law.

5. Denied.

6. Admitted.

2199113.1

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. The allegations of the first two sentences of paragraph 11 are admitted. The Service lacks information and belief on which to admit or deny the remaining allegations of paragraph 11.

12. The Service lacks information and belief on which to admit or deny the allegations of the first sentence of paragraph 11; to the extent these allegations are merely a characterization of the "Report", no answer is legally required. The Service admits the allegations of the second sentence of paragraph 12.

13. Admitted.

14. Admitted.

15. The Service admits that on or about April 24, 2006, plaintiff contacted Janice Rudolph, Tax Law Specialist, and subsequently contacted her manager, Joan McClean, regarding the status of the FOIA request. The Service admits that plaintiff further contacted the Service's Disclosure Office on October 3, 2006. The remainder of the allegations in paragraph 15 are denied.

16. The Service admits that on or about October 5, 2006, Janice Rudolf, Tax Law Specialist, left a message for plaintiff indicating that no responsive documents had been located. The Service lacks information and belief on which to admit or deny the exact wording and/or text of the telephone message as alleged in paragraph 16.

17. Denied.

18. The Service admits that plaintiff has exhausted its remedies only with regard to any records within the custody, possession, and control of the Service itself. The remaining allegations of paragraph 18 are denied.

19. The Service reincorporates by reference all preceding paragraphs.

20. Admitted, except that the Service lacks information or knowledge sufficient to form a belief as to whether it controls the requested records.

21. The Service admits that plaintiff is entitled to access requested records only insofar as the Service has responsive records, the records are not exempt from disclosure under FOIA, 5 U.S.C. §552(b), and are otherwise not protected from disclosure under law, and otherwise denies the allegations of paragraph 21.

22. Denied.

23. The Service admits that plaintiff has exhausted its remedies only with regard to any records within the custody, possession, and control of the Service itself. The remaining allegations of paragraph 23 are denied, particularly the allegation that it "wrongfully withheld" any records.

24. Denied.

25. Paragraph 25 states a prayer for relief to which no answer is required.

### FIRST AFFIRMATIVE DEFENSE

The Service is not withholding any responsive records in that it has not yet discovered any such records. The Service's search for records is continuing.

### SECOND AFFIRMATIVE DEFENSE

To the extent that responsive records are located by the Service, plaintiff is entitled only to those records that are not exempt from disclosure under FOIA, 5 U.S.C. §552(b) or are otherwise not protected from disclosure under law.

### THIRD AFFIRMATIVE DEFENSE

The Service is entitled to withhold any responsive records that are exempt from disclosure, particularly including pursuant to FOIA exemptions 2, 3, 4, 5, 6, and 7.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to costs or attorneys' fees.

2199113.1

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief beyond that provided in FOIA.

Date: February 5, 2007

*[signature]*

JOSEPH E. HUNSADER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone/FAX: (202) 514-0472/514-6866

Of Counsel:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I certify that on February 5, 2007, I caused the Internal Revenue Service' ANSWER to be placed in the United States mail, postage prepaid, and properly addressed to the following:

George M. Clarke, III, Esq.
Baker & McKenzie LLP
815 Connecticut Ave., N.W.
Washington, D.C. 20006-4078

*[signature]*

1673843.1